NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3775
_____

MILAGROS CHALUISAN,
Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-10-cv-05918)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2012

Before:  RENDELL, FUENTES and HARDIMAN, Circuit Judges

(Opinion Filed:  June 4, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Milagros Chaluisan appeals a judgment of the District Court affirming a

final decision of the Commissioner of Social Security that Chaluisan is not entitled

to supplemental security income (otherwise known as SSI) benefits for the period

between 1984 and 1998 because she was not disabled under the Social Security Act during that time.  We will affirm.

**I.**

This case has a long and complicated history.  Chaluisan, who has suffered from scoliosis since she was a child, applied for benefits from the time of her diagnosis, in 1982, to the present.  She has been determined disabled, and awarded corresponding benefits, for the periods between 1982 and 1984 and 1998 to the present.  Two separate ALJ decisions have determined that Chaluisan was not disabled between 1984 and 1998.

The first of those decisions was issued on July 26, 2005.  In twenty-five, single-spaced pages, the ALJ reviewed all of the medical and other evidence and applied the *Zebley* presumption to the portion of Chaluisan's claim that pertained to the period before she turned 18 (in 1988) and the adult Social Security standards to the remainder.[1]  As relevant to this appeal, the ALJ determined that (1) Chaluisan engaged in substantial gainful activity as a cashier, and therefore was not disabled as an adult, in 1988 and 1989; (2) the medical evidence did not support a determination of adult disability between 1990 and 1998 because Chaluisan did not present the range of physiological symptoms required to support

---

[1]  The "*Zebley* presumption" arose out of a settlement entered into by class plaintiffs following the Supreme Court's decision in *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The settlement provided for the re-adjudication of all SSI claims that were denied for children before 1990 and allowed for inferences of childhood disability in such adjudications under certain, prescribed circumstances.  *See Zebley v. Sullivan*, No. 83-3314, 1991 WL 65530, at *6-7, 9 (E.D. Pa. Mar. 14, 1991) (Stipulation and Order of Settlement).

a determination that she suffered from a sufficiently disabling spinal disorder because the records demonstrated that Chaluisan's back pain during that time did not require inpatient or other extraordinary treatment or medication (other than with nonsteroidal anti-inflammatories, for a brief period), and therefore would not have prevented Chaluisan from performing sedentary work; (3) disability from 1984 to 1988 could not reasonably be inferred under *Zebley* because the finding of disability beginning in 1998 occurred after a period of adult non-disability and was attributable to a worsening of symptoms at that time; and (4) applying current and previous rules, the evidence did not support a finding of disability between 1984 and 1998.

Chaluisan appealed that decision to the District Court and, in a 2008 opinion, the District Court addressed each of the issues before us in this appeal. First, the District Court found the ALJ had applied the correct legal standard from *Sullivan v. Zebley*, 493 U.S. 521 (1990), to Chaluisan's claim, but remanded the case to the ALJ for further explanation of his conclusions and the basis for his reliance on the Commissioner's medical expert. Second, the District Court determined that the ALJ gave proper weight to each treating physician's opinion, and, with one exception, properly explained his reasons for accepting or rejecting each doctor's testimony. The District Court remanded the case for further explanation of the ALJ's decision to reject the testimony of one physician, Dr. Sabato. Third, the District Court determined Chaluisan was not denied a fair hearing because tapes from her previous testimony could not be located. The

3

District Court reasoned that the same information was contained in written records and Chaluisan had the opportunity to testify.

Chaluisan appealed that decision, but we dismissed Chaluisan's appeal for lack of jurisdiction after the Appeals Council vacated the underlying administrative decision. Another hearing was held before a different ALJ, who provided further explanation as directed by the District Court and again determined that Chaluisan was not disabled for the period 1984 to 1998. Chaluisan again appealed to the District Court, where the case was assigned to a different district judge.

In a 2011 opinion, the District Court declined to reconsider any of the previous judge's rulings, asserting that they were now law of the case. It found that, on remand, the ALJ had sufficiently explained the basis for the disability determinations, and it affirmed the determination that Chaluisan was not disabled from 1984 to 1998. Chaluisan now appeals.

## II.

On appeal, Chaluisan reasserts the same arguments that she presented to the District Court: (1) the ALJs improperly denied her the presumption of disability to which she was entitled under the *Zebley* settlement; (2) the ALJs failed to give her treating physicians' opinions adequate weight; and (3) the ALJs denied her a fair hearing by failing to locate tapes of her testimony from earlier hearings. In reviewing denials of SSI benefits, our review of legal issues is plenary. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). We apply the same deferential standard

4

as the District Court to the Commissioner's fact findings, asking whether those findings are supported by "substantial evidence." *Id.* Applying those standards, we reject each of Chaluisan's three arguments.

First, the ALJs did not misapply *Zebley*. Chaluisan argues that the *Zebley* settlement requires an ALJ that finds a current disability to find disability as of the claimant's earliest application for benefits within the *Zebley* class period unless there is a contrary medical judgment.[2] While one part of the Social Security Administration's "Hearings, Appeals and Litigation Law Manual" ("HALLEX") supports that assertion, *see* HALLEX 1-5-4-28A(V), that provision has no basis in the language of the *Zebley* settlement itself, which provides only that, in cases (like this one) where the claimant is found to be disabled in the current proceedings, and evidence of the claimant's past condition is not readily available,[3] "the adjudicator will determine, based on the nature of the impairment,

---

[2] Chaluisan's brief misleadingly suggests that the *Zebley* standards apply to the entire "Interim Period," from 1984 to 1998. *See, e.g.*, Appellant's Br. 31 ("A presumption of disability during the Interim Period is warranted because the record establishes that Chaluisan meets the *Zebley* criteria . . . ."). In fact, the *Zebley* standards apply only to the period before a claimant "attained age 18." Beginning on the day the claimant "attains age 18," which, in this case, was December 10, 1988, claims are evaluated according to the same disability standards that apply to adults. *See* Social Security Administration, Office of Disability Adjudication and Review, *HALLEX: Hearings, Appeals and Litigation Law Manual* I-5-4-28-A-IV, *available at* http://www.ssa.gov/OP_Home/hallex/I-05/I-5-4-28-A.html#I-5-4-28-A-IV ("HALLEX").

[3] Both of those conditions are met here. The 2008 District Court opinion specifically found that Chaluisan did not qualify for the standard that applies to claimants with "subsequent" disability determinations because the relevant adult disability determination was made in the same 2005 ALJ decision that re-

5

whether it is reasonable to presume that the class member's past condition and impairments were as severe as they are currently." *Zebley*, 1991 WL 65530, at *9. Notwithstanding HALLEX's addition of a contrary-evidence standard in cases like Chaluisan's, the *Zebley* settlement controls. Internal social security manuals lack the force of law and do not bind the Social Security Administration. *See Schweiker v. Hansen*, 450 U.S. 785, 789 (1989) (*per curiam*); *accord Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000) ("HALLEX is strictly an internal guidance tool, providing policy and other procedural guidelines to ALJs and other staff members. As such, it does not . . . carry the force and effect of law.").

The ALJs appropriately followed the *Zebley* settlement in this case. In the 2005 opinion, the ALJ opined that "it would not be reasonable to infer disability" for the relevant period. App. 60. After the District Court remanded the case so the Commissioner could further explain the basis for its decision, a second ALJ concluded that a presumption that Chaluisan's impairments were as severe as of 1984 as in 1998, when Chaluisan was again determined to be disabled, was "not reasonable . . . in the circumstances of this case." We find no legal error here.

---

adjudicated Chaluisan's *Zebley* claim. *See Chaluisan v. Astrue*, No. 07-3130, 2008 WL 5427901, at *9 (D.N.J. Dec. 30, 2008). Chaluisan's brief suggests that she does not accept that determination, *see* Appellant's Br. 34, but because she has not directly challenged it on appeal, we are bound to accept it. Chaluisan admits and, indeed, urges that evidence of her past condition is not readily available. *See id.* at 35 (arguing that the "lack of records" for the "period at issue" precluded the expert witnesses from rendering "*any* opinion as to the severity or effects of Chaluisan's impairments").

Second, the ALJs did not violate any rule concerning the evidentiary weight due to treating physicians' opinions. Treating physicians' opinions as to the nature and severity of a claimant's impairment (but not as to the ultimate legal issue of disability, *see* 20 C.F.R. § 416.927(d)(1)) are entitled to "controlling weight" if the Commissioner finds that those opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 416.972(c)(2). The District Courts properly considered and rejected Chaluisan's argument in this regard, finding that the ALJs adequately explained their reasons for accepting or rejecting each of the treating physicians' opinions. We will not repeat their analyses here other than to state that we agree with and adopt them.

Third, Chaluisan's due-process argument lacks merit. We agree with the District Court's 2008 analysis: Chaluisan had ample opportunities to testify at the 2005 hearing; her subjective complaints were further represented by her medical reports and the testimony of her treating physicians; and the ALJs properly weighed all of the evidence, including subjective complaints and objective medical evidence, and reached an appropriate, well reasoned determination. We therefore will not reverse on this ground.

### III.

Accordingly, and for the reasons set forth above, we will affirm the judgment of the District Court.